(173 App. Div. 127)

## PEOPLE v. BISBEE.

(Supreme Court, Appellate Division, First Department. June 2, 1916.)

GAME ⬤⟺8—REGULATION—TRANSPORTATION.
Under Conservation Law (Consol. Laws, c. 65) § 176, as amended by Laws 1913, c. 508, providing that no person shall at any time of the year have in his possession certain game birds, except as permitted by the article, defendant, a resident of New York, who procured a license in Maine authorizing him to kill partridges in that state and ship them therefrom, and who killed and shipped partridges by express, consigned to himself in New York, in a box to which was attached a tag from his license, but which was not shown to have ever arrived at its destination or to have been delivered to him, was not liable for the penalty for a violation of the statute.

[Ed. Note.—For other cases, see Game, Cent. Dig. § 8; Dec. Dig. ⬤⟺8.]

Appeal from Appellate Term, First Department.

Action by the People against Eldon Bisbee to recover penalties for a violation of the Conservation Law. From a determination of the Appellate Term (90 Misc. Rep. 601, 153 N. Y. Supp. 993), affirming

a judgment of the Municipal Court dismissing the complaint, the People appeal.   Determination affirmed.

Argued before CLARKE, P. J., and McLAUGHLIN, DOWLING, SMITH, and PAGE, JJ.

F. H. LaGuardia, of New York City, for the People.
Abraham Freedman, of New York City, for respondent.

McLAUGHLIN, J.   This action was brought in the Municipal Court of the City of New York to recover $310 for a violation of section 176 of the Conservation Law.   The violation alleged consisted in defendant's shipping, by the American Express Company, on the 7th of October, 1913, from the state of Maine, ten partridges consigned to himself in the city of New York.   The trial court held that the plaintiff was not entitled to recover.   From a judgment to that effect, the plaintiff appealed to the Appellate Term, where the judgment was affirmed, and by permission the present appeal is taken.

There is no dispute as to the facts, the same having been agreed upon.   From these facts it appears that the defendant at the time was a resident of the city of New York; that he went to the state of Maine, and there, for $25, procured a license authorizing him to kill partridges in that state and to ship them therefrom; that in pursuance of this authority he so killed and shipped the partridges in question; that the box in which they were shipped was so constructed that they were exposed to view; that attached to the box was a tag from the license issued by the state of Maine, stating the fact that the partridges contained in the box were taken in Maine by defendant, who was licensed by that state to take and ship them; that no shipping permit or importation license issued by the authorities of the state of New York accompanied the partridges; that they arrived in the state of New York during the season when it was lawful for partridges to be taken in such state and there used by persons lawfully taking them.

The conclusion at which I have arrived renders it unnecessary to pass upon the question as to whether the statute under which the action was brought is unconstitutional.   Such question, under the stipulation as to the facts, is not presented.   The defendant had a right to take the partridges when and where he took them.   He had a right to ship them at the time and in the manner in which he did.   It was a legal shipment, and there certainly could be nothing illegal in shipping them to the state of New York until they had arrived at their destination and a delivery was made to the defendant.   There is nothing in the stipulation to show that they ever arrived at their destination or were ever delivered to the defendant; in fact, there is nothing to show that they were ever delivered to anybody except the express company, and for that act defendant was not liable under the statute—the concession being they were legally shipped.

The determination of the Appellate Term, therefore, should be affirmed, with costs.   Order filed.

CLARKE, P. J., and DOWLING and SMITH, JJ., concur.   PAGE, J., concurs in result.